PRERAK SHAH
Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

KRYSTAL-ROSE PEREZ, TX Bar No. 24105931
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0486
(202) 305-0506 (fax)
krystal-rose.perez@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PENDLETON DIVISION

| | | |
|---|---|---|
| **CENTRAL OREGON LANDWATCH,** an Oregon non-profit corporation; and **OREGON WILD**, an Oregon non-profit Corporation, | ) ) ) ) | Case No. 2:20-cv-648 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **ANSWER TO COMPLAINT FOR DECLARATORY AND** |
| **JOHANNA KOVARIK**, in her official Capacity as Paulina District Ranger; **A. SHANE JEFFRIES**, in his official capacity as Ochoco National Forest Supervisor; and the **UNITED STATES FOREST SERVICE**, a federal agency of the United States Department of Agriculture, | ) ) ) ) ) ) ) ) | **INJUNCTIVE RELIEF** |
| Defendants. | ) ) ) | |

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants Johanna Kovarik, A.

Shane Jeffries, and the U.S. Forest Service hereby respond to the allegations in the Complaint

for Declaratory and Injunctive Relief, ECF No. 1, in the above- captioned action.  The

numbered paragraphs in this Answer correspond to the numbered paragraphs of the

Complaint, and this Answer counts citation sentences as parts of the preceding substantive sentences.

## "NATURE OF ACTION"[1]

1.          The allegations in the first sentence of Paragraph 1 consist of Plaintiffs' characterization of the relief they are requesting, which does not require a response.  With respect to the allegations in the second sentence of Paragraph 1, Defendants admit that Paulina District Ranger Johanna Kovarik signed the Record of Decision ("ROD") for the Black Mountain Vegetation Management Project ("Project") and that the Project is located on the Ochoco National Forest ("Ochoco").  The remaining allegations in the second sentence of Paragraph 1 consist of legal conclusions, which do not require a response.  To the extent a response is required, Defendants deny the remaining allegations.

2.          The allegations in the first and second sentences of Paragraph 2 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.  The allegations in the first clause of the third sentence of Paragraph 2 consist of Plaintiffs' characterization of their Complaint, which does not require a response.  The remaining allegations in the third sentence purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.

3.          Defendants deny the allegations in the first sentence of Paragraph 3.  With respect to the allegations in the second sentence of Paragraph 3, Defendants admit that Plaintiffs participated in the Project's administrative process, including the pre-decisional

---

[1] The headings here correspond to the headings in the Complaint.  Defendants include them to provide convenient reference to the Complaint and do not intend them to form any substantive part of Defendants' Answer.  To the extent the Complaint headings make substantive allegations, Defendants deny those allegations.

resolution meetings and that they proposed changes to the proposed management of specific

units.  Defendants deny the remaining allegations in the second sentence of Paragraph 3.

Defendants deny the allegations in the third sentence of Paragraph 3.  With respect to the

allegations in the fourth sentence of Paragraph 3, Defendants admit a commercial timber sale

that includes units 110, 111, 113, 141, 173, 174, 175, 176, and 178 from the Final

Environmental Impact Statement for the Black Mountain Vegetation Management Project

("FEIS") will be advertised for sale on June 23, 2020 and deny the remaining allegations

because the term "begin implementing" is vague and ambiguous and therefore Defendants lack

sufficient knowledge or information to form a belief as to the truth of the allegations.

4.      The allegations in Paragraph 4 consist of legal conclusions, which do not

require a response.  To the extent a response is required, Defendants deny the allegations in

Paragraph 4.

5.      The allegations in Paragraph 5 consist of Plaintiffs' characterization of the

relief they are requesting, which does not require a response.  To the extent a response is

required, Defendants deny that Plaintiffs are entitled to any relief.

6.      The allegations in Paragraph 6 consist of Plaintiffs' characterization of the relief

they are requesting, which does not require a response.  To the extent a response is required,

Defendants deny that Plaintiffs are entitled to any relief.

### "JURISDICTION AND VENUE"

7.      The allegations in Paragraph 7 consist of legal conclusions, which do not

require a response.

8.      With respect to the allegations in the first sentence of Paragraph 8, Defendants

admit that Plaintiffs submitted scoping comments, comments on the Draft Environmental

Impact Statement for the Black Mountain Vegetation Management Project ("Draft EIS"), and objections to the FEIS and draft ROD. The remaining allegations in the first sentence consist of legal conclusions, which do not require a response. The allegations in the second sentence of Paragraph 8 consist of legal conclusions, which do not require a response.

9.     With respect to the allegations in the first sentence of Paragraph 9, Defendants admit that the Project area is located within the State of Oregon. The remaining allegations consist of legal conclusions, which do not require a response. Defendants admit the allegations in the second sentence of Paragraph 9. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 9 and therefore deny them.

10.    With respect to the allegations in the first sentence of Paragraph 10, Defendants admit that the Project Area is located in Crook and Wheeler Counties and that the Project record is located in Prineville in Cook County. The remaining allegations consist of a legal conclusion, which do not require a response. Defendants admit the allegations in the second sentence of Paragraph 10.

## **"PARTIES"**

### **"Plaintiffs"**

11.    Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny them.

12.    Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore deny them.

13.    Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny them.

14.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 14 and therefore deny them. With respect to the allegations in the second sentence of Paragraph 14, Defendants admit that Plaintiffs participated in the Project's administrative process.  Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny them.

15.     Defendants deny the allegations in the first and third sentences of Paragraph 15.  Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 15 and therefore deny them.

**"Defendants"**

16.     Defendants admit the allegations in Paragraph 16.

17.     Defendants admit the allegations in Paragraph 17.

18.     Defendants admit the allegations in Paragraph 18.

## **"LEGAL BACKGROUND"**

**"National Forest Management Act"**

19.     With respect to the allegations in the first sentence of Paragraph 19, Defendants admit that the National Forest Management Act ("NFMA") is one of the statues that governs the administration of national forests.  Defendants deny the remaining allegations in the first sentence.  The allegations in the second sentence of Paragraph 19 purport to characterize and/or describe 16 U.S.C. § 1604, which speaks for itself and is the best evidence of its content.

20.     The allegations in Paragraph 20 purport to characterize and/or describe NFMA, which speaks for itself and is the best evidence of its content.

21.    Defendants admit the allegations in the first and second sentences of Paragraph 21. The allegations in the third and fourth sentences of Paragraph 21 purport to characterize and/or describe 36 C.F.R. § 219.19 (2001), which speaks for itself and is the best evidence of its content.

22.    The allegations in Paragraph 22 purport to characterize and/or describe 16 U.S.C. § 1604(i), which speaks for itself and is the best evidence of its content.

**"National Environmental Policy Act"**

23.    The allegations in the first sentence of Paragraph 23 purport to characterize and/or describe 40 C.F.R. § 1500.1(a), which speaks for itself and is the best evidence of its content. The allegations in the second sentence of Paragraph 23 purport to characterize and/or describe the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its content.

24.    The allegations in Paragraph 24 purport to characterize and/or describe 40 C.F.R. § 1500.1(b), (c), which speaks for itself and is the best evidence of its content.

25.    The allegations in Paragraph 25 purport to characterize and/or describe 42 U.S.C. § 4332(2)(C), which speaks for itself and is the best evidence of its content.

26.    Defendants admit the allegations in Paragraph 26.

27.    The allegations in the first sentence of Paragraph 27 purport to characterize and/or describe 40 C.F.R. § 1502.1, which speaks for itself and is the best evidence of its content. The allegations in the second sentence of Paragraph 27 purport to characterize and/or describe 40 C.F.R. § 1500.1(b), which speaks for itself and is the best evidence of its content.

28.    The allegations in Paragraph 28 purport to characterize and/or describe 40

C.F.R. § 1502.15, which speaks for itself and is the best evidence of its content.

29.    The allegations in the first sentence of Paragraph 29 purport to characterize and/or describe 40 C.F.R. §§ 1502.16 and 1508.25, which speak for themselves and are the best evidence of their content.  The allegations in the second sentence of Paragraph 29 purport to characterize and/or describe 40 C.F.R. § 1508.8(a), which speaks for itself and is the best evidence of its content.  The allegations in the third sentence of Paragraph 29 purport to characterize and/or describe 40 C.F.R. § 1508.8(b), which speaks for itself and is the best evidence of its content.  The allegations in the fourth and fifth sentences of Paragraph 29 purport to characterize and/or describe 40 C.F.R. § 1508.7, which speaks for itself and is the best evidence of its content.

30.    The allegations in Paragraph 30 purport to characterize and/or describe 40 C.F.R. § 1502.22, which speaks for itself and is the best evidence of its content.

31.    The allegations in the first sentence of Paragraph 31 purport to characterize and/or describe 40 C.F.R. §§ 1500.1(b) and 1508.9, which speak for themselves and are the best evidence of their content.  The allegations in the second sentence of Paragraph 31 purport to characterize and/or describe 40 C.F.R. § 1502.24, which speaks for itself and is the best evidence of its content.

32.    The allegations in the first sentence of Paragraph 32 purport to characterize and/or describe NEPA, which speaks for itself and is the best evidence of its content.  The allegations in the second sentence of Paragraph 32 purport to characterize and/or describe 40 C.F.R. § 1500.2(d), which speaks for itself and is the best evidence of its content.  The allegations in the third and fourth sentences of Paragraph 32 purport to characterize and/or describe 40 C.F.R. § 1506.6(f), which speaks for itself and is the best evidence of its content.

33.    The allegations in the first sentence of Paragraph 33 purport to characterize and/or describe 40 C.F.R. § 1502.18, which speaks for itself and is the best evidence of its content.  The allegations in the second and third sentences of Paragraph 33 purport to characterize and/or describe 40 C.F.R. § 1502.21, which speaks for itself and is the best evidence of its content.

34.    The allegations in Paragraph 34 purport to characterize and/or describe 40 C.F.R. § 1505.2, which speaks for itself and is the best evidence of its content.

**"Administrative Procedure Act"**

35.    The allegations in the first sentence of Paragraph 35 purport to characterize and/or describe 5 U.S.C. § 702, which speaks for itself and is the best evidence of its content. The allegations in the second sentence of Paragraph 35 purport to characterize and/or describe 5 U.S.C. § 704, which speaks for itself and is the best evidence of its content.  The allegations in the third sentence of Paragraph 35 consist of legal conclusions, which do not require a response.

36.    The allegations in the first sentence of Paragraph 36 purport to characterize and/or describe 5 U.S.C. § 706(2), which speaks for itself and is the best evidence of its content.  The allegations in the second sentence of Paragraph 36 purport to characterize and/or describe 5 U.S.C. § 706(2)(D), which speaks for itself and is the best evidence of its content.

## **"FACTUAL BACKGROUND"**

**"The Ochoco National Forest and Forest Plan"**

37.    Defendants admit the allegations in Paragraph 37.

38.    Defendants admit the allegations in the first, second, and third sentences of

Paragraph 38.  Defendants admit the allegations in the fourth sentence of Paragraph 38 but aver that mixed conifer stands made up of Douglas fir, ponderosa pine, white fir, and western larch grow at higher elevations only on the cooler northern and eastern aspects of the Ochoco.

39.    Defendants admit the allegations in Paragraph 39.

40.    Defendants admit the allegations in the first sentence of Paragraph 40 but aver that the Ochoco provides opportunities for recreational pursuits in addition to those identified. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 40 and therefore deny them.

41.    Defendants admit the allegations in the first sentence of Paragraph 41.  The allegations in the first two clauses of the second sentence of Paragraph 41 purport to characterize and/or describe NFMA, which speaks for itself and is the best evidence of its content.  With respect to the allegations in the third clause of the second sentence of Paragraph 41, Defendants admit that the Ochoco Forest Plan ("Forest Plan") has not been revised in its entirety in its 30 years of existence and deny the remaining allegations.

42.    The allegations in Paragraph 42 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

43.    The allegations in Paragraph 43 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

44.    The allegations in Paragraph 44 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

"_Rocky Mountain Elk_"

45.    The allegations in Paragraph 45 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

46.    The allegations in Paragraph 46 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

47.    Defendants admit the allegations in the first sentence of Paragraph 47. With respect to the allegations in the second sentence of Paragraph 47, Defendants admit that wallows are areas where bull elk cover themselves in mud, and their own urine and feces, to attract cow elk during the fall of each year. Defendants deny the remaining allegations in the second sentence.

48.    Defendants admit the allegations in the first sentence of Paragraph 48. Defendants deny the allegations in the second sentence of Paragraph 48.

49.    Defendants admit the allegations in the first and third sentences of Paragraph 49. Defendants deny the allegations in the second sentence of Paragraph 49 because the term "relatively free" is vague and ambiguous and therefore Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations. With respect to the allegations in the fourth sentence of Paragraph 49, Defendants admit that elk populations are limited by habitat capability, which changes over time in response to vegetation manipulation and open road density. Defendants deny the remaining allegations in the fourth sentence.

50.    The allegations in Paragraph 50 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

51.    The allegations in the first sentence of Paragraph 51 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content. Defendants deny the allegations in the second sentence of Paragraph 51 but aver that the Oregon Department of Fish and Wildlife's population management target for elk on the Forest is 4,500. Defendants deny the allegations in the third sentence of Paragraph 51.

52.    The allegations in Paragraph 52 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

53.    The allegations in Paragraph 53 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

54.    The allegations in Paragraph 54 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

55.    The allegations in Paragraph 55 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

"*Riparian Areas and Water Quality*"

56.    The allegations in Paragraph 56 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

57.    Defendants deny the allegations in the first sentence of Paragraph 57. Defendants admit the allegations in the second and third sentences of Paragraph 57.

58.    The allegations in Paragraph 58 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

59.    The allegations in Paragraph 59 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

60.    The allegations in the first sentence of Paragraph 60 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content. Defendants admit the allegations in the second sentence of Paragraph 60 and aver that the Forest Plan has been amended in accordance with 36 C.F.R. § 219.10 (1982 Rule).

61.    The allegations in Paragraph 61 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

62.     The allegations in Paragraph 62 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

63.     The allegations in Paragraph 63 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

64.     The allegations in Paragraph 64 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

65.     The allegations in Paragraph 65 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

66.     The allegations in Paragraph 66 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

67.     The allegations in Paragraph 67 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

68.     Defendants admit the allegations in Paragraph 68.

69.     The allegations in Paragraph 69 purport to characterize and/or describe the Inland Native Fish Strategy ("INFISH"), which speaks for itself and is the best evidence of its content.

70.     The allegations in Paragraph 70 purport to characterize and/or describe INFISH, which speaks for itself and is the best evidence of its content.

71.     The allegations in Paragraph 71 purport to characterize and/or describe INFISH, which speaks for itself and is the best evidence of its content.

72.     The allegations in Paragraph 72 purport to characterize and/or describe INFISH, which speaks for itself and is the best evidence of its content.

73.     The allegations in Paragraph 73 purport to characterize and/or describe

INFISH, which speaks for itself and is the best evidence of its content.

74.     The allegations in Paragraph 74 purport to characterize and/or describe INFISH, which speaks for itself and is the best evidence of its content.

75.     The allegations in Paragraph 75 purport to characterize and/or describe INFISH, which speaks for itself and is the best evidence of its content.

**"The Black Mountain Project: Overview"**

76.     Defendants admit the allegations in the first sentence of Paragraph 76.  The allegations in the second, third, and fourth sentences of Paragraph 76 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.

77.     The allegations in Paragraph 77 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.

78.     The allegations in Paragraph 78 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.

79.     The allegations in Paragraph 79 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.

80.     The allegations in Paragraph 80 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.

81.     The allegations in Paragraph 81 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.

82.     The allegations in Paragraph 82 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.

83.     The allegations in Paragraph 83 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.

84.    Defendants admit the allegations in Paragraph 84.

85.    Defendants admit the allegations in the first sentence.  Defendants deny the allegations in the second sentence of Paragraph 85.  Defendants admit the allegations in the third sentence of Paragraph 85.

86.    With respect to the allegations in the first sentence of Paragraph 86, Defendants admit that some administratively closed roads do not have physical signs, barriers, or blockages.  Defendants deny the remaining allegations in the first sentence. Defendants admit the allegations in the second sentence of Paragraph 86.

87.    Defendants admit the allegations in the first sentence of Paragraph 87 but aver that ML2 roads are open to all motor vehicles.  Defendants admit the allegations in the second sentence of Paragraph 87.

88.    The allegations in the first and second sentences of Paragraph 88 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations in the third sentence of Paragraph 88 because the terms "short-term" and "adverse effects" are vague and ambiguous and therefore Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

89.    The allegations in Paragraph 89 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.

90.    The allegations in the first and second sentences of Paragraph 90 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.  Defendants admit the allegations in the third sentence of Paragraph 90.

91.    The allegations in Paragraph 91 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.

92.     The allegations in Paragraph 92 purport to characterize and/or describe the ROD and FEIS, which speak for themselves and are the best evidence of their content.

93.     The allegations in Paragraph 93 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.

94.     The allegations in the first sentence of Paragraph 94 purport to characterize and/or describe the ROD and FEIS, which speak for themselves and are the best evidence of their content.  Defendants admit the allegations in the second and third sentences of Paragraph 94.  Defendants deny the allegations in the fourth sentence of Paragraph 94.

95.     Defendants admit the allegations in the first sentence of Paragraph 95. Defendants deny the allegations in the second sentence of Paragraph 95.

**"The Black Mountain Project: Impacts to Elk"**

96.     Defendants admit the allegations in the first sentence of Paragraph 96. Defendants deny the allegations in the second sentence of Paragraph 96.  The allegations in the third sentence of Paragraph 96 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.

"*Roads and Road Density*"

97.     Defendants deny the allegations in Paragraph 97 because the allegations are vague and ambiguous.

98.     The allegations in Paragraph 98 purport to characterize and/or describe the FEIS, which is the best evidence of its contents.

99.     The allegations in the first sentence of Paragraph 99 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.  The allegations in the second sentence of Paragraph 99, and the accompanying table, purport to

characterize and/or describe unidentified project planning documents, which speak for themselves and are the best evidence of their content.

100.    Defendants admit the allegations in the first sentence of Paragraph 100 but aver the Forest Service mapped some user-created trails or older temporary roads in the Project Area that had been left from past harvest activities.  With respect to the allegations in the second sentence of Paragraph 100, Defendants admit that there are non-system routes within the Project Area and that these routes are in various conditions.  Defendants deny the remaining allegations.

101.    Defendants admit the allegations in the first sentence of Paragraph 101.  The allegations in the second sentence of Paragraph 101 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

102.    The allegations in Paragraph 102 purport to characterize and/or describe the FEIS and ROD, which speak for themselves and are the best evidence of their content.

103.    The allegations in the first sentence of Paragraph 103 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.  The allegations in the second sentence of Paragraph 103 purport to characterize and/or describe the Forest Service's road density analysis, which speaks for itself and is the best evidence of its content.

104.    The allegations in the first and second sentences of Paragraph 104 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations in the third and fourth sentences of Paragraph 104.

105.    The allegations in Paragraph 105 purport to characterize and/or describe the Forest Service's road density analysis, which speaks for itself and is the best evidence of its

content.

106.    The allegations in the first and second sentences of Paragraph 106 purport to
characterize and/or describe the ROD, which speaks for itself and is the best evidence of its
content.  Defendants deny the allegations in the third and fourth sentences of Paragraph 106.

107.    The allegations in the Paragraph 107 purport to characterize and/or describe
the FEIS, which speaks for itself and is the best evidence of its content.

108.    The allegations in Paragraph 108 purport to characterize and/or describe the
Forest Service's road density analysis, which speaks for itself and is the best evidence of its
content.

109.    Defendants admit the allegations in the first sentence of Paragraph 109.  The
allegations in the second sentence of paragraph 109 purport to characterize and/or describe
the Travel Management Rule and the Travel Management Decision, which speak for
themselves and are the best evidence of their content.

110.    Defendants admit the allegations in the first sentence of Paragraph 110.  With
respect to the allegations in the second sentence of Paragraph 110, Defendants admit that
unauthorized motorized use occurs on some ML1 roads, temporary roads used for past
activities, non-system roads, and other user-created trails.  Defendants deny the remaining
allegations.

111.    The allegations in the first sentence of Paragraph 111 purport to characterize
and/or describe unidentified prior project planning documents, which speak for themselves
and are the best evidence of their content.  With respect to the allegations in the second
sentence of Paragraph 111, Defendants admit that off-highway vehicle use on the Forest has
increased in the last 10 years.  Defendants lack information or knowledge sufficient to form a

belief as to the truth of the remaining allegations in the second sentence of Paragraph 111 and therefore deny them.  With respect to the allegations in the third sentence of Paragraph 111, Defendants admit that motorized use occurs on some ML 1 roads and other unauthorized routes in the Project Area but deny the remaining allegations.

112.    Defendants deny the allegations in Paragraph 112 because the term "affected" is vague and ambiguous and therefore Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

113.    Defendants deny the allegations in Paragraph 113 because the terms "foreseeable consequence" and "certain thresholds" are vague and ambiguous and therefore Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

"*Calving and Rutting Habitat*"

114.    Defendants deny the allegations in the first sentence of Paragraph 114 because the terms "important to reproductive viability" and "local elk populations" are vague and ambiguous and therefore Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.  Defendants admit the allegations in the second sentence of Paragraph 114.  Defendants deny the allegations in the third sentence of Paragraph 114 and aver that elk tend to select habitat with low human disturbance. Defendants deny the allegations in the fourth sentence of Paragraph 114 because the term "site" is vague and ambiguous and therefore Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.  With respect to the allegations in the fifth sentence of Paragraph 114, Defendants admit that wallows are areas where bull elk cover themselves in mud, and their own urine and feces, to attract cow elk during the fall

of each year.  Defendants deny the remaining allegations in the fifth sentence.  Defendants admit the allegations in the sixth sentence of Paragraph 114.

115.    Defendants deny the allegations in Paragraph 115.

116.    Defendants admit the allegations in the first, second, and third sentences of Paragraph 116.  The allegations in the fourth sentence of Paragraph 116 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.

117.    Defendants admit the allegations in Paragraph 117.

118.    The allegations in the first sentence of Paragraph 118 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.  With respect to the allegations in the second sentence of Paragraph 118, Defendants admit that logging operations can create noise levels that disturb and displace elk and deny the remaining allegations.

119.    The allegations in the first sentence of Paragraph 119 purport to characterize and/or describe unspecified statements by the Forest Service, which speak for themselves and are the best evidence of their content.  Defendants deny the allegations in the second sentence of Paragraph 119.

120.    The allegations in Paragraph 120 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.

121.    The allegations in Paragraph 121 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.

"*Habitat Effectiveness*"

122.    Defendants deny the allegations in the first sentence of Paragraph 122 and aver

that the Habitat Effectiveness Index's main factors of influence are quantity and quality of cover and open road density. Defendants admit the allegations in the second sentence of Paragraph 122.

123.    The allegations in Paragraph 123 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.

124.    Defendants admit the allegations in the first sentence of Paragraph 124 that elk avoid roaded areas and deny the remaining allegations. Defendants deny the allegations in the second sentence of Paragraph 124 because the term "sufficient security cover" is vague and ambiguous and therefore Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations. Defendants admit the allegations in the third sentence of Paragraph 124.

125.    Defendants deny the allegations in the first and second sentences of Paragraph 125. The allegations in the third sentence of Paragraph 125 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.

"**The Black Mountain Project: Impacts to Riparian Areas and Water Quality**"

126.    The allegations in paragraph 126 purport to characterize and/or describe the Forest Plan and the Forest Plan's FEIS, which is the best evidence of its contents.

127.    The allegations in paragraph 126 purport to characterize and/or describe the Forest Plan's FEIS, which is the best evidence of its contents.

128.    The allegations in the first sentence of Paragraph 128 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content. With respect to the allegations in the second sentence of Paragraph 128, Defendants admit that the Forest Plan is in its fourth decade and deny the remaining allegations. Defendants

aver that conditions in some riparian areas of the Forest have not improved.  Defendants deny

the allegations in the third sentence of Paragraph 128 and aver that some streams on the

Forest are in a degraded condition.

129.    Defendants admit the allegations in Paragraph 129.

130.    With respect to the allegations in the first sentence of Paragraph 130,

Defendants admit that the Project Area includes a portion of the Allen Creek subwatershed,

all of the Porter Creek subwatershed, and a portion of the Peterson Creek-North Fork

Crooked River subwatershed.  Defendants deny the remaining allegations in the first

sentence.  Defendants admit the allegations in the second sentence of Paragraph 130.

131.    Defendants admit the allegations in the first and third sentences of Paragraph

131.  The allegations in the second sentence of Paragraph 131 purport to characterize and/or

describe INFISH, which speaks for itself and is the best evidence of its content.

132.    The allegations in the first sentence of Paragraph 132 purport to characterize

and/or describe INFISH, which speaks for itself and is the best evidence of its content.

Defendants deny the allegations in the second sentence of Paragraph 132.

133.    The allegations in the first sentence of Paragraph 133 purport to characterize

and/or describe INFISH, which speaks for itself and is the best evidence of its content.

Defendants deny the allegations in the second sentence of Paragraph 133.

134.    The allegations in the first sentence of Paragraph 134 purport to characterize

and/or describe INFISH, which speaks for itself and is the best evidence of its content.

Defendants admit the allegations in the second sentence of Paragraph 134.

135.    The allegations in the first sentence of Paragraph 135 purport to characterize

and/or describe INFISH, which speaks for itself and is the best evidence of its content.

Defendants admit the allegations in the second sentence of Paragraph 135.

136.    The allegations in Paragraph 136 purport to characterize and/or describe INFISH, which speaks for itself and is the best evidence of its content.

137.    The allegations in the first and second sentences of Paragraph 137 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.  The allegations in the third sentence of Paragraph 137 purport to characterize and/or describe INFISH, which speaks for itself and is the best evidence of its content.

138.    The allegations in Paragraph 138 purport to characterize and/or describe INFISH, which speaks for itself and is the best evidence of its content.

139.    Defendants deny the allegations in Paragraph 139 because the terms "generally poor," "management activities," and "poor water quality" are vague and ambiguous and therefore Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

"*Temperature and Shade*"

140.    Defendants admit the allegations in the first sentence of Paragraph 140. Defendants deny the allegations in the second sentence of Paragraph 140.  With respect to the allegations in the third sentence, Defendants admit that stream shade is one factor for maintaining low water temperature and deny the remaining allegations.

141.    Defendants deny the allegations in the first sentence of Paragraph 141 and aver that stream temperatures can be influenced by factors that influence the surface area of the stream.  Defendants deny the allegations in the second sentence of Paragraph 141 and aver that reduction of pool volume and widening of stream channels can increase stream temperatures.

142.    With respect to the allegations in the first sentence of Paragraph 142, Defendants admit that several streams within the Project Area often exceed Forest Plan standards for temperature in the summer months.  Defendants deny the remaining allegations in the first sentence.  The allegations in the second sentence of Paragraph 142 purport to characterize and/or describe the Oregon state list of Clean Water Act Section 303(d) impaired waters, which speaks for itself and is the best evidence of its content.  Defendants admit the allegations in the third sentence of Paragraph 142.

143.    The allegations in Paragraph 143 purport to characterize and/or describe the Region 6 Regional Forester's Sensitive Species List, which speaks for itself and is the best evidence of its content.

144.    Defendants deny the allegations in Paragraph 144.

145.    Defendants admit the allegations in the first and second sentences of Paragraph 145.  With respect to the allegations in the third sentence, Defendants admit that summer water temperatures in some streams in the Project area reach unsafe temperatures for fish and deny the remaining allegations in the third sentence of Paragraph 145.

146.    The allegations in the first sentence of Paragraph 146 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content. Defendants deny the allegations in the second sentence of Paragraph 146 because the allegations are vague and ambiguous.

147.    The allegations in Paragraph 147 purport to characterize and/or describe INFISH, which speaks for itself and is the best evidence of its content.

148.    The allegations in Paragraph 148 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.

149.    The allegations in Paragraph 149 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.

150.    The allegations in the first sentence of Paragraph 150 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.  The allegations in the second sentence of Paragraph 150 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.

151.    The allegations in the first sentence of Paragraph 151 purport to characterize and/or describe INFISH, which speaks for itself and is the best evidence of its content. Defendants admit the allegations in the second sentence of Paragraph 151.

152.    Defendants deny the allegations in Paragraph 152.

153.    The allegations in the first sentence of Paragraph 153 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.  The allegations in the second sentence of Paragraph 153 purport to characterize and/or describe the Forest Plan and INFISH, which speak for themselves and are the best evidence of their content.

"*Sediment and Turbidity*"

154.    Defendants admit the allegations in the first, second, and third sentences of Paragraph 154.  Defendants deny the allegations in the fourth sentence of Paragraph 154 and aver that aggradation can lead to the filling of pools, which can result in a decline in pool frequency and volume and the widening of channels, which in turn, can enlarge width/depth ratios.  Defendants deny the allegations in the fifth sentence of Paragraph 154 and aver that reducing pool volume can reduce hiding cover and resting and feeding areas for aquatic species.  Defendants deny the allegations in the sixth sentence of Paragraph 154 and aver that

aggradation of sediment can smother fish eggs and fry (juvenile fish), increase mortality, and smother insects, which can reduce food for all life stages of fish. Defendants deny the allegations in the seventh sentence of Paragraph 154 because the term "fine sediment levels" is vague and ambiguous and therefore Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

155.    The allegations in Paragraph 155 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.

156.    The allegations in Paragraph 156 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.

157.    The allegations in Paragraph 157 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.

158.    The allegations in Paragraph 158 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.

159.    With respect to the allegations in the first sentence of Paragraph 159, Defendants admit that roads and logging activities can be a source of non-channelized sediment inputs. Defendants deny the remaining allegations in the first sentence. Defendants admit the allegations in the second sentence of Paragraph 159. With respect to the allegations in the third sentence, Defendants admit that roads in the Project area were established in the bottom of most drainages but deny the remaining allegations in third sentence. Defendants deny the allegations in the fourth sentence of Paragraph 159 but aver that some roads in riparian areas negatively impact ecological conditions by accelerating runoff and contributing excess sedimentation over background conditions. Defendants deny the allegations in the fifth sentence of Paragraph 159.

160.    Defendants deny the allegations in Paragraph 160 because the term "logging activities" is vague and ambiguous and therefore Defendants lack sufficient knowledge or information to for a belief as to the truth of the allegations.

161.    Defendants deny the allegations in Paragraph 161.

162.    The allegations in Paragraph 162 purport to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its contents.

163.    The allegations in Paragraph 163 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.

164.    The allegations in the first and second sentences of Paragraph 164 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations in the third sentence of Paragraph 164 because the term "fine sediments" is vague and ambiguous and therefore Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

165.    The allegations in the first and second sentences of Paragraph 165 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations in the third sentence because the term "fine sediment" is vague and ambiguous and therefore Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.  The allegations in the fourth sentence of Paragraph 165 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

166.    The allegations in the first sentence of Paragraph 166 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content. Defendants admit the allegations in the second sentence of Paragraph 166.  The allegations in

the third sentence of Paragraph 166 purport to characterize and/or describe INFISH, which speaks for itself and is the best evidence of its content.

"**The Black Mountain Project: Administrative Process**"

167.    Defendants admit the allegations in Paragraph 167.

168.    Defendants deny the allegations in Paragraph 168 but aver that Oregon Wild timely submitted scoping comments.

169.    Defendants admit the allegations in Paragraph 169.

170.    Defendants admit that the allegations in Paragraph 170.

171.    Defendants admit the allegations in the first sentence of Paragraph 171.  The allegations in the second sentence of Paragraph 171 purport to characterize and/or describe Plaintiffs' scoping comments, which speak for themselves and are the best evidence of their content.

172.    Defendants admit the allegations in Paragraph 172.

173.    Defendants admit the allegations in the first sentence of Paragraph 173.  The allegations in the second, third, fourth, and fifth sentences of Paragraph 173 purport to characterize and/or describe Plaintiffs' comments on the Draft EIS, which speak for themselves and are the best evidence of their content.

174.    Defendants admit the allegations in Paragraph 174.

175.    Defendants deny the allegations in the first sentence of Paragraph 175 and aver that Plaintiff Central Oregon Landwatch submitted comments on February 28, 2019, which requested that the Forest Service "replace" Plaintiff's January 28, 2019, comment letter.  The allegations in the second, third, and fourth sentences of Paragraph 175 purport to characterize and/or describe Plaintiffs' replacement comments on the Draft EIS, which speak for

themselves and are the best evidence of their content.

176.    Defendants admit the allegations in the first sentence of Paragraph 176.  The allegations in the second sentence of Paragraph 176 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.

177.    Defendants admit the allegations in the first sentence of Paragraph 177.  The allegations in the second, third, and fourth sentences of Paragraph 177 purport to characterize and/or describe Plaintiffs' objections, which speak for themselves and are the best evidence of their content.

178.    With respect to the allegations in Paragraph 178, Defendants admit that Plaintiffs submitted reports from Amy Stuart, Mike Gerdes, and Jonathan Rhodes with their objections.  Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny them.

179.    Defendants admit the allegations in Paragraph 179.

180.    Defendants admit the allegations in the first, second, and sixth sentences of Paragraph 180.  The allegations in the third, fourth, and fifth sentences purport to characterize and/or describe Plaintiffs' October 15, 2019 letter to the Forest Service, which speaks for itself and is the best evidence of its content.

181.    Defendants admit the allegations in the first sentence of Paragraph 181.  The allegations in the second, third, and fourth sentences of Paragraph 181 purport to characterize and/or describe the November 5, 2019 letter from Defendant Kovarik to Plaintiffs, which speaks for itself and is the best evidence of its content.

182.    With respect to the allegations in the first sentence of Paragraph 182, Defendants admit that Plaintiffs sent a letter to Defendant Kovarik on November 17, 2019.

The remaining allegations in the first sentence, and the allegations in the second sentence of Paragraph 182, purport to characterize and/or describe the letter, which speaks for itself and is the best evidence of its content.

183.    Defendants admit the allegations in the first sentence of Paragraph 183.  The allegations in the second sentence of Paragraph 183 purport to characterize and/or describe the objection responses, which speak for themselves and are the best evidence of their contents.

184.    Defendants admit the allegations in the first sentence of Paragraph 184.  The second sentence of Paragraph 184 purports to characterize and/or describe the ROD, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations in the third sentence of Paragraph 184.

185.    The allegations in Paragraph 185 constitute Plaintiffs' legal conclusions, which do not require a response.  To the extent a response is required, Defendants deny any violation of law.

## "**FIRST CLAIM FOR RELIEF**
## NFMA and APA Compliance"

186.    Defendants restate and incorporate by reference their responses to all preceding paragraphs.

### "**Count One**: Violations of Forest Plan Standard and Guidelines Protecting Rocky Mountain Elk, a Management Indicator Species"

187.    The allegations in the first sentence of Paragraph 187 purport to characterize and/or describe 16 U.S.C. § 1604(i), which speaks for itself and is the best evidence of its content.  The allegations in the second sentence of Paragraph 187 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

188.    Defendants deny the allegations in the first sentence of Paragraph 188. The allegations in the second sentence of Paragraph 188 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.

189.    Defendants deny the allegations in the first sentence of Paragraph 189. The allegations in the second sentence of Paragraph 189 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.

190.    Defendants deny the allegations in Paragraph 190.

191.    The allegations in Paragraph 191 constitute legal conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 191.

"**Count Two: Violations of INFISH and Forest Plan Standards and Guidelines Protecting Riparian Areas and Water Quality**"

192.    The allegations in the first sentence of Paragraph 192 purport to characterize and/or describe 16 U.S.C. § 1604(i), which speaks for itself and is the best evidence of its content. The allegations in the second sentence of Paragraph 192 purport to characterize and/or describe INFISH, which speaks for itself and is the best evidence of its content. The allegations in the third sentence of Paragraph 192 purport to characterize and/or describe the Forest Plan, which speaks for itself and is the best evidence of its content.

193.    Defendants deny the allegations in the first sentence of Paragraph 193. The allegations in the second, third, and fourth sentences of Paragraph 193 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.

194.    Defendants deny the allegations in the first sentence of Paragraph 194. The allegations in the second, third, fourth, fifth, and sixth sentences of Paragraph 194 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its

content.

195.    Defendants deny the allegations in Paragraph 195.

196.    The allegations in Paragraph 196 constitute legal conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 196.

"**SECOND CLAIM FOR RELIEF**
(**NEPA and APA Compliance**)"

197.    Defendants restate and incorporate by reference their responses to all preceding paragraphs.

"**Count One:  The Forest Service Failed to Adequately Disclose and Consider Direct and Indirect Impacts to Elk.**"

198.    The allegations in Paragraph 198 purport to characterize and/or describe 40 C.F.R. §§ 1502.16, 1508.8, which speak for themselves and are the best evidence of their content.

199.    Defendants deny the allegations in the first sentence of Paragraph 199.  The allegations in the second, third, fourth, and fifth sentences of Paragraph 199 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.

200.    Defendants deny the allegations in Paragraph 200.

201.    The allegations in Paragraph 201 constitute legal conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 201.

"**Count Two:  The Forest Service Failed to Adequately Disclose and Consider Direct and Indirect Impacts to Riparian Areas and Water Quality.**"

202.    The allegations in Paragraph 202 purport to characterize and/or describe 40

C.F.R. §§ 1502.16, 1508.8, which speak for themselves and are the best evidence of their content.

203.    Defendants deny the allegations in the first sentence of Paragraph 203.  The allegations in the second, third, fourth, fifth, and sixth sentences of Paragraph 203 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.

204.    Defendants deny the allegations in Paragraph 204.

205.    The allegations in Paragraph 205 constitute legal conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 205.

"**THIRD CLAIM FOR RELIEF**
(NEPA and APA Compliance)

206.    Defendants restate and incorporate by reference their responses to all preceding paragraphs.

"**Count One**:  **The Forest Service Failed to Adequately Disclose and Consider Cumulative Impacts.**"

207.    The allegations in Paragraph 207 purport to characterize and/or describe 40 C.F.R. §§ 1508.7, 1508.25, which speak for themselves and are the best evidence of their content.

208.    The allegations in Paragraph 208 purport to characterize and/or describe 40 C.F.R. § 1508.7, which speaks for itself and is the best evidence of its content.

209.    Defendants deny the allegations in the first sentence of Paragraph 209.  The allegations in the second, third, fourth, and fifth sentences of Paragraph 209 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its

content.

210.    Defendants deny the allegations in the first sentence of Paragraph 210.  The allegations in the second, third, and fourth sentence of Paragraph 210 purport to characterize and/or describe the FEIS, which speaks for itself and is the best evidence of its content.

211.    Defendants deny the allegations in Paragraph 211.

212.    The allegations in Paragraph 212 are legal conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 212.

## "PRAYER FOR RELIEF"

The remaining paragraphs of Plaintiffs' complaint, denominated A-G, constitute Plaintiffs' request for relief to which no response is required.  To the extent a further response may be required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of Plaintiffs' complaint not otherwise expressly admitted, qualified, or denied herein.

## NEGATIVE DEFENSES

1.  Plaintiffs fail to state a claim on which relief can be granted on some or all of their claims.

2.  Plaintiffs failed to adequately identify one or more of their claims during the administrative process, thereby waiving or failing to exhaust such claim(s).

3.  The court lacks jurisdiction over one or more of Plaintiffs' claims.

Respectfully submitted this 22nd day of June 2020.

PRERAK SHAH
Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

*/s/ Krystal-Rose Perez*
KRYSTAL-ROSE PEREZ (TX Bar No. 24105931)
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
150 M Street NE
Washington, DC 20002
Phone: (202) 305-0486
Fax:  (202) 305-0506
krystal-rose.perez@usdoj.gov

*Attorney for Defendants*


OF COUNSEL
REBECCA HARRISON
Office of the General Counsel
U.S. Department of Agriculture