Oliver J. H. Stiefel, OSB # 135436
(503) 227-2212 │ oliver@crag.org
Meriel L. Darzen, OSB # 113645
(503) 525-2725 │ meriel@crag.org
CRAG LAW CENTER
3141 E. Burnside St.
Portland, Oregon 97214
Fax: (503) 296-5454
    *Attorneys for all Plaintiffs*

Rory J. Isbell, OSB # 173780
(541) 647-2930 │ rory@colw.org
CENTRAL OREGON LANDWATCH
2843 NW Lolo Dr., Ste. 200
Bend, Oregon 97703
    *Attorney for Plaintiff Central Oregon LandWatch*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PENDLETON DIVISION

| | |
|---|---|
| **CENTRAL OREGON LANDWATCH**, an Oregon non-profit corporation; and **OREGON WILD**, an Oregon non-profit corporation;<br><br>    Plaintiffs,<br><br>    v.<br><br>**JOHANNA KOVARIK**, in her official capacity as Paulina District Ranger; **A. SHANE JEFFRIES**, in his official capacity as Ochoco National Forest Supervisor; and the **UNITED STATES FOREST SERVICE**, a federal agency of the United States Department of Agriculture,<br><br>    Defendants. | Case No. 2:20-cv-00648-SU<br><br>**PROPOSED JOINT CASE MANAGEMENT SCHEDULE** |

In accordance with the provisions of Rule 16 of the Federal Rules of Civil Procedure and Rule 16 of the Local Rules of the District Court for the District of Oregon, the Parties have conferred, and undersigned counsel for the Parties hereby submit their *Proposed Joint Case Management Schedule*. The Parties agree as to the issues set forth below.

**I.**      **Parties and Representatives**

        A.      <u>Plaintiffs</u>: Plaintiffs in this case are Central Oregon LandWatch and Oregon Wild. Counsel for Plaintiffs are:

>    Oliver J. H. Stiefel
>    (503) 227-2212
>    oliver@crag.org
>    Meriel L. Darzen
>    (503) 525-2725
>    meriel@crag.org
>    Crag Law Center
>    3141 E. Burnside St.
>    Portland, Oregon 97214
>    Fax: (503) 296-5454
>
>    Rory J. Isbell
>    (541) 647-2923
>    rory@colw.org
>    Central Oregon LandWatch
>    2843 NW Lolo Dr., Ste. 200
>    Bend, Oregon 97703

        B.      <u>Defendants</u>: Defendants in this case are Johanna Kovarik in her official capacity as Paulina District Ranger; A. Shane Jeffries in his official capacity as Ochoco National Forest Supervisor; and the United States Forest Service. Counsel for Defendants is:

>    Krystal-Rose Perez
>    Trial Attorney
>    Natural Resources Section
>    150 M Street NE
>    Washington, DC 20002
>    Phone: (202) 305-0486
>    Fax: (202) 305-0506
>    krystal-rose.perez@usdoj.gov

///

II. **Nature of the Case**

On April 20, 2020, Plaintiffs filed a lawsuit under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, challenging the Defendants' approval of the Record of Decision ("ROD") for the Black Mountain Vegetation Management Project ("Black Mountain Project" or "Project") on the Ochoco National Forest, based on the analysis in a Final Environmental Impact Statement ("EIS"). Plaintiffs allege that Defendants acted arbitrarily, capriciously, and contrary to the National Forest Management Act ("NFMA"), 16 U.S.C. §§ 1600–1614, and the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–4370h. Plaintiffs seek partial vacatur of the ROD; injunctive and declaratory relief under the judicial review provisions of the APA; remand of the Final EIS to the Forest Service to take a hard look at the Project's impact on water quality and riparian areas, elk, and aquatic species; and attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Defendants deny that they violated any law and further deny that the Plaintiffs are entitled to the relief they seek.

III. **Administrative Record**

The Parties agree that the merits of Plaintiffs' claims are governed by the judicial review provisions of the APA, 5 U.S.C. §§ 701–706. The Parties further agree that this case is therefore exempt from initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(i) and from the requirements of Rule 26(f) of the Federal Rules of Civil Procedure. The Parties anticipate that stipulation to authenticity and foundation of the documents produced in the Administrative Record for this case will not be necessary.

IV. **Trial**

The Parties believe that the merits of this case should be resolved on cross-motions for summary judgment and do not anticipate that a trial will be appropriate or required in this case.

///

V.       **Jurisdiction and Venue**

Plaintiffs allege this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims present a federal question. Plaintiffs allege venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Project area is located within this judicial District, the Defendants maintain an office in this District, and Plaintiffs maintain offices in this District.

VI.      **Proposed Deadlines**

Plaintiffs challenge the Forest Service's authorization of "management activities in riparian areas and other sensitive habitats that pose significant threats to water quality and key habitats for many species including Rocky Mountain elk and native fish." Complaint ¶ 3, ECF1.

Defendants represent that the Forest Service plans to offer the "Muddy Timber Sale" this summer, which will involve commercial thinning and slash treatment in nine timber sale units comprising 466 acres. Defendants further represent that, prior to resolution of this case on the merits by the district court, slash treatment activities involving prescribed burning in the nine Muddy Timber Sale units will involve burning of grapple piles or hand piles only. Plaintiffs have reviewed the timber sale units that will be part of the Muddy Timber Sale and Defendants' representation about the scope of prescribed burning activities. In addition, Defendants represent that in July 2020, the Forest Service plans to implement the large wood source unit (Unit 109). The Forest Service does not plan any other work associated with the ROD at issue—besides the work described in this paragraph—until the next timber sale is advertised. Defendants agree to provide Plaintiffs 30 days' notice before the next timber sale is advertised.

Given the limited scope of planned 2020 operations, the Parties agree that it is unnecessary to brief a motion for preliminary injunction at this time and instead agree (subject to this Court's approval) to a schedule that will allow the Court to resolve the merits of Plaintiffs' claims prior to the start of the 2021 operating season.

  A. <u>Administrative Record</u>

    1. On or before **July 29**, Defendants will certify and lodge the Administrative Record with the Court and serve the Administrative Record on the Parties. Pursuant to Local Rule 5-2(e), Defendants will file a CD-ROM or other electronic media with the Clerk's office. In light of the current public health situation, Defendants may need to seek an extension for lodging the Administrative Record if agency employees are unable to work for a period of time. If an extension is necessary, Defendants will confer with counsel for Plaintiffs.

    2. Plaintiffs shall notify Defendants of any objections they have to the Administrative Record on or before **August 26**. Plaintiffs will make their best effort to notify Defendants of any documents they propose to add to the Administrative Record in advance of August 26. The Parties will then meet and confer in good faith to attempt to resolve any disputes regarding the Administrative Record without the need for judicial intervention.

    3. On or before **September 11**, Defendants will notify Plaintiffs if any proposed documents will be added to the Administrative Record. Defendants will make their best effort to notify Plaintiffs if any proposed documents will be added to the Administrative Record in advance of September 11. On or before **September 18**, the Forest Service will issue a supplemental Administrative Record if necessary.

    4. If the Parties are unable to resolve any such disputes, the Parties will litigate such disputes concurrently with summary judgment briefing, as set forth below. The Parties reserve the right to seek leave to suspend the summary judgment briefing schedule if such disputes involve a voluminous number of records or for good cause, and in that event will submit a proposed schedule for motions practice.

///

///

PROPOSED JOINT CASE MANAGEMENT SCHEDULE—4

     B.    <u>Cross-Motions for Summary Judgment</u>

          1.    Plaintiffs' opening summary judgment brief shall be due **September 22, 2020**. By that same day, Plaintiffs shall file any motion to complete or supplement the Administrative Record.

          2.    Defendants' combined cross-motion and response brief shall be due **October 27, 2020**. By that same day, Defendants shall file any response to any motion to complete or supplement the Administrative Record.

          3.    Plaintiffs' combined response and reply brief shall be due **November 24, 2020**. By that same day, Plaintiffs shall file any reply in support of any motion to complete or supplement the Administrative Record.

          4.    Defendants' reply brief shall be due **December 22, 2020**.

     C.    <u>Oral Argument</u>

          1.    The Parties respectfully request that the Court calendar a date for oral argument, and that it do so for the week of May 3, if at all possible, or as soon thereafter as the Court's calendar will allow. In recognition of the public health crisis and its ongoing effects, and the Parties' desire to resolve this case prior to the start of the 2021 operating season, the Parties are currently prepared to submit the case on the briefs, unless the Court deems oral argument necessary or advisable, and will advise the Court of their final position by joint status report after the close of briefing.

**VII.**    <u>Related Cases</u>

There are not any related cases pending before other courts or judges in this Court.

**VII.**    <u>Settlement Procedures</u>

The Parties are amenable to discussing dispute resolution options should such options appear to be fruitful at a future juncture.

IX.    **Other Matters**

    None.

DATED this 21st day of July, 2020.

    Respectfully submitted,

    <u>s/ Oliver J. H. Stiefel</u>
    Oliver J. H. Stiefel, OSB # 135436
    (503) 227-2212 | oliver@crag.org
    Meriel L. Darzen, OSB # 113645
    (503) 525-2725 | meriel@crag.org
    CRAG LAW CENTER
    3141 E. Burnside St.
    Portland, Oregon 97214
    Fax: (503) 296-5454
        *Attorneys for all Plaintiffs*

    Rory J. Isbell, OSB # 173780
    (541) 647-2930 | rory@colw.org
    CENTRAL OREGON LANDWATCH
    2843 NW Lolo Dr., Ste. 200
    Bend, Oregon 97703
        *Attorney for Central Oregon LandWatch*

    PRERAK SHAH
    Deputy Assistant Attorney General
    Environment & Natural Resources Section

    <u>s/ Krystal-Rose Perez</u>
    Krystal-Rose Perez
    Trial Attorney
    Natural Resources Section
    150 M Street NE
    Washington, DC 20002
    Phone: (202) 305-0486
    Fax: (202) 305-0506
    krystal-rose.perez@usdoj.gov
        *Attorney for Defendants*